JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DARRELL BURGESS,

                                    Plaintiff,

                  -against-

THE CITY OF NEW YORK, POLICE OFFICER JOSE
CARABALLO, shield # 12202, and POLICE OFFICERS
JOHN DOES #1-4 (names and number of whom are
unknown at present), and other unidentified members of the
New York City Police Department,

                                    Defendants.

------------------------------------------------------------------X

11 CV 7815

11 CV

COMPLAINT

JURY TRIAL DEMANDED

ECF CASE

## PRELIMINARY STATEMENT

      1.   This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff, while lawfully present in the vicinity of 3130 Rochambeau Avenue, in the County of Bronx and State of New York, was unlawfully arrested by New York City police officers. Additionally, New York City police officers used excessive force against plaintiff during the course of the arrest. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, caused the unjustifiable arrest of plaintiff, and used excessive force against plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

4. Plaintiff Darrell Burgess is a citizen of the United States and a resident of the County of Bronx, City and State of New York.

5. Police Officer Jose Caraballo, shield # 12202, is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department.

6. On the date of incident, November 26, 2008, Jose Caraballo, shield # 12202, was assigned to the 52nd Precinct.

7. Police Officer Jose Caraballo, shield # 12202 is being sued in his individual capacity and official capacity.

8. Police Officers John Does # 1-4, are and were at all times relevant herein officers, employees, and agents of the New York City Police Department.

9. On the date of incident, November 26, 2008, Police Officers John Does # 1-4, were assigned to the 52nd Precinct.

10. Police Officers John Does # 1-4, are being sued in their individual capacity and official capacity.

11. At all times relevant herein, the individually named police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

12. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

13. On November 26, 2008 plaintiff Darrell Burgess was the guardian and sole parental care-taker of his four year old daughter named Mary.

14. On November 26, 2008, plaintiff Darrell Burgess and his daughter Mary lived alone at Mr. Burgesses' home located in Bronx County, State of New York.

15. Plaintiff Darrell Burgess has been employed by the New York City Transit Authority for approximately twenty-three (23) years.

16. Plaintiff Darrell Burgess was scheduled to arrive at work on November 26, 2008 at approximately 6:00 a.m.

17. On November 26, 2008, plaintiff Darrell Burgess woke up to get his daughter ready for daycare and himself ready for work.

18. Plaintiff Darrell Burgess dropped his daughter Mary off at her baby sitter's home at approximately 5:30 a.m., and then reported to his job for the day.

19. Mary's babysitter was responsible for transporting Mary to daycare.

20. On November 26, 2008 at approximately 2:00 p.m., plaintiff Darrell Burgess received a telephone message from the daycare center that Mary attended, which stated in sum and substance that there was an accident and they were taking his daughter Mary to the hospital.

21. Plaintiff Darrell Burgess immediately left work and went directly to the daycare center responsible for watching his daughter, located at or near 3130 Rochambeau Avenue, in the County of Bronx and State of New York.

22. When Plaintiff Darrell Burgess arrived at the daycare center, he observed his daughter Mary laying on a gurney inside of an ambulance that was parked near the daycare center.

23. Plaintiff entered the rear of the ambulance and comforted his daughter who was crying and appeared scared.

24. The individually named defendant police officers ordered plaintiff to exit the rear of the ambulance and then immediately grabbed plaintiff's person, without cause or justification, and physically pulled him out of the ambulance.

25. The individually named defendant police officers forcefully placed plaintiff against an automobile.