26. Thereafter, plaintiff was slammed to the ground with excessive force, without cause or justification.

27. The excessive force used by the individually named defendant police officers caused plaintiff injuries to his head, neck and arm.

28. At no point in time did plaintiff struggle with the officers or attempt to resist them in any way.

29. At no point in time did plaintiff disobey a lawful order by a New York City Police Officer.

30. Nevertheless, plaintiff was handcuffed and arrested by the individually named police officer defendants, without probable cause or legal justification.

31. Plaintiff was transported by the individually named police officer defendants to the 52nd Precinct

32. Thereafter, plaintiff was transported to Bronx Central Booking.

33. Plaintiff was arraigned on November 27, 2008, during the nighttime hours.

34. November 27, 2008 happened to be Thanksgiving and as a result of the false arrest, plaintiff missed Thanksgiving celebrations.

35. Plaintiff did not commit any crime, nor did the individually named defendant police officers have reason to believe he committed a crime.

36. All charges against plaintiff were dismissed on or about December 7, 2009.

37. The individually named police officer defendants Police Officer observed the violation of plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent the unjustifiable false arrest and use excessive force against plaintiff.

38. The false arrest and false imprisonment of plaintiff by the individually named police officer defendants caused plaintiff to sustain psychological and emotional trauma. Moreover, the excessive force used by defendants against plaintiff, by the individually named police officer defendants caused plaintiff to sustain psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

39. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

40. The individually named police officer defendants were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### False Arrest and False Imprisonment

41. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set forth at length herein.

42. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York and under the Fourth Amendment to the United States Constitution. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

43. The individually named police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## THIRD CAUSE OF ACTION

### Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

44. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 43 with the same force and effect as if more fully set forth at length herein.

45. The use of excessive force by the individually named police officer defendants in handcuffing, arresting and causing injury to plaintiffs head, neck and arm to be injured, was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

46. The individually named police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## FOURTH CAUSE OF ACTION

### Failure to Intervene

47. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 46 with the same force and effect as if more fully set forth at length herein.

48. The individually named police officer defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

49. The individually named police officer defendants failed to intervene to prevent the unlawful conduct described herein.

50. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

51. The individually named police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

## JURY DEMAND

52. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Darrell Burgess shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

    a.    That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

    b.    That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:    New York, New York
             November 1, 2011

By: _____
ILISSA BROWNSTEIN, ESQ.
22 Cortlandt Street
16th Floor
New York, NY 10007
516-286-5442